1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| TURN KEY ASSET, INC., | ) | Case No.: CV 13-2187 PSG |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER THAT CASE BE REASSIGNED WITH RECOMMENDATION THAT THE CASE BE REMANDED TO STATE COURT** |
| LOLAR GARCIA, et al, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

18
19
20
21
22
23
24
25
26
27
28

On May 13, 2013 Defendants Lolar Garcia, et al, ("Defendants") removed this case from Santa Clara County Superior Court.  Plaintiff Turn Key Asset, Inc., ("Plaintiff") brought an unlawful detainer action against Defendants in state court, and Defendants seek to present federal claims under the Protecting Tenants in Foreclosure Act, 12 U.S.C. § 5220 ("PTFA").[1]  They also seek to proceed in forma pauperis.[2]  Plaintiff seeks remand of the case to state court on the grounds that the court lacks subject matter jurisdiction.[3]

---

[1] *See* Docket No. 1.

[2] *See* Docket Nos. 2, 3.

[3] *See* Docket No. 5.

Granting or refusing permission to proceed in forma pauperis ("IFP") is a matter within the sound discretion of the trial court.[4]  It is the court's duty to examine an IFP application "to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."[5]  A federal court must dimiss a case such as this if the court determines that the case is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[6]

The court finds that the IFP should be denied and the case remanded to state court because the court lacks subject matter jurisdiction.  Federal courts are limited in their jurisdiction to either (1) diversity cases where citizens of two different states have a dispute involving an amount in controversy that exceeds $75,000 or (2) federal questions where the cause of action - not the defense - "arises under" federal law.[7]  Defendants assert only federal question subject matter jurisdiction.  But the PTFA does not provide a private cause of action giving rise to a federal question.[8]  This court therefore lacks subject matter jurisdiction to hear the case.

Because Defendants have not yet consented to magistrate jurisdiction, the court hereby ORDERS that this case be reassigned to a District Judge[9] with the recommendation that the IFP application be denied and the case be remanded to Santa Clara County Superior Court.

---

[4] *See Shobe v. People of State of California*, 362 F.2d 545, 545 (9th Cir. 1966).

[5] *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

[6] *See* 28 U.S.C. § 1915(e)(2).

[7] *See* 28 U.S.C. § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

[8] *See Nativi v. Deutsche Bank Nat. Trust Co.*, Case No. 09-6096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010); *see also Lopez v. DAPC LLC*, Case No. C-12-1575 EDL, 2012 WL 2237727 (N.D. Cal. June 15, 2012); *Wells Fargo Bank v. Lapeen*, Case No. C 11-1932 LB, 2011 WL 2194117 (N.D. Cal. June 6, 2011).

[9] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have the authority to make case-dispositive rulings. *See, e.g.*, *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).

1   Dated: May 22, 2013

2

3                           PAUL S. GREWAL
                           United States Magistrate Judge